# Smithgall *v.* American Union Telephone Company, Appellant.

*Negligence—Telephone companies—Master and servant—Lineman— Safety belt—Contributory negligence—Question for jury.*

In an action against a telephone company by one of its linemen to recover damages for personal injuries, the question of the plaintiff's contributory negligence is for the jury where the evidence shows that the plaintiff, when he was about through with his work on a pole unloosed his safety belt from the pole just as the foreman on the ground below gave an order to other employees to pull the pole, and that in obeying the order a slip occurred by which the pole flew back and threw the plaintiff from the hold, which he had with his spurs, to the ground; and this conclusion is further strengthened by the fact that there was other evidence in the case to the effect that even if the plaintiff had had his belt hooked to the pole, he would have been thrown violently against the pole and injured.

Argued Nov. 15, 1910.   Appeal, No. 103, Oct. T., 1910, by defendant, from judgment of C. P. Lancaster Co., Nov. Term, 1908, No. 4, on verdict for plaintiff in case of Joseph Smithgall v. American Union Telephone Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before LANDIS, P. J.

At the trial the jury returned a verdict of $900 for plaintiff.

On a motion by defendant for judgment n. o. v. LANDIS, P. J., stated the facts to be as follows:

The undisputed facts of the case show that the employees of the defendant company, of whom the plaintiff was one, were engaged in resetting a pole along defendant's line, and plaintiff was directed to place a guy wire upon it.   The pole was leaning toward the public road, and was about four feet out of line.   In accordance with the orders of the foreman, plaintiff climbed it, and, having

wrapped the wire twice around, put a clamp upon it; but, before he had finished, the men below were ordered to pull the pole up, and, as they did so, the end of the wire, which was made into what was called a cat's claw or half hitch, gave way, the pole lurched back, and threw the plaintiff off into the road.

It was admitted that linemen, engaged in work such as the plaintiff was then doing, are required to provide themselves with safety belts, and that the plaintiff had and used one on the day of the accident. This belt is fastened around the body, and the end, being passed around the pole, is hooked, and its purpose is to prevent the user from being thrown off the pole. At the time the men pulled the pole, the plaintiff's safety belt was unstrapped, and the facts relating to his use of it on that day can be briefly extracted from his testimony. He stated that he had clamped the bolt and was finishing the end of the guy wire when he heard the word "Pull." He was then asked:

" Q. How long before you had finished your work had you unstrapped your safety belt? A. Just about the time I was unstrapping it, this order was given. Q. At the time the order was given, you were finishing the ends? A. Just about had finished and unhooked my safety belt. Q. You said, a minute ago, that, while you were finishing the ends, you heard the word 'Pull' given. A. Yes, sir. Q. So that you hadn't taken your hands off the wire, and were working with the ends, when you heard the word 'Pull' given, didn't you? A. That is what I said. Q. And, then, after you heard the word 'Pull' given, you unstrapped your safety belt, didn't you? A. They started to pull before—— Q. Just answer my question. Didn't you do that, after you heard the word 'Pull' given, while you were working with the ends of the wire? Didn't you. A. Yes, sir. Q. So that you knew an order had been given to pull, and, after that was given, you unstrapped your safety belt? A. Just unstrapped and came down. Q. You unstrapped it after you had heard the word 'Pull' given? A. But I had no chance to get down. They pulled. Q. Won't you

380 SMITHGALL *v.* AM. UN. TELEP. CO., Appellant.

Statement of Facts—Opinion of the Court. [45 Pa. Superior Ct.

just answer my question? Isn't that the fact, that, while you were still working, finishing the ends, you heard the word 'Pull' given? A. Yes, sir. Q. Now, you hadn't unstrapped your safety belt while you were finishing the ends, had you? A. I had just unstrapped and ready to come down. Q. And you unstrapped it after you heard him say 'Pull'? A. 'Pull,' yes, sir, and he pulled me to the ground.

The court overruled defendant's motion n. o. v.

*Error assigned* was the order of the court.

*William H. Keller,* with him *John A. Coyle,* for appellant.—Plaintiff was guilty of contributory negligence as a matter of law: Hart v. Light Co., 201 Pa. 234; The Maharajah, 1 C. C. A. 181 (49 Fed. Repr. 111); Roberts v. Tel. Co., 166 Mo. 370 (66 S. W. Repr. 155); St. Louis & S. F. Ry. Co. v. Bloyd, 60 Ark. 637 (31 S. W. Repr. 457); Junior v. Light & Power Co., 127 Mo. 79 (29 S. W. Repr. 988); Munn v. Wolff Mfg. Co., 94 Ill. App. 122; Dixon v. Light & Power Co., 47 La. Ann. 1147 (17 So. Repr. 696); Stack v. Patterson, 6 Phila. 225; Grabowski v. Steel Co., 2 Dauphin Co. Rep. 118; Martin v. Railway Co., 200 Pa. 603; Reed v. Electric Light & Power Co., 223 Pa. 591.

*C. Eugene Montgomery,* for appellee.

Opinion by Beaver, J., March 3, 1911:

Two assignments of error raise practically the same question: Did the plaintiff present such a case as required the court to answer the defendant's point "Under the law and the evidence, the verdict must be in favor of the defendant," affirmatively, and having failed to do so, was the defendant entitled to judgment, non obstante veredicto? The point was refused and the motion for judgment n. o. v. was discharged.

Did the plaintiff's case, as presented, show him guilty

of contributory negligence in such a way as to compel the court to declare, as a matter of law, that he was guilty?

In the discharge of his duties as an employee of the defendant company, the plaintiff was necessarily compelled to ascend telephone poles after their erection and to work thereon in attaching guy ropes, as he was doing at the time of the accident, and for other purposes. In order to provide for his safety while doing this work, he was furnished with, and had in his possession and use at the time of the accident, spurs fastened to his legs which could be driven into the pole and afford support for his person while at work. In addition to this, he had what was called a safety belt which was also attached to the pole but did not bind him closely to it, but enabled him to swing clear of the pole, in order to have a sufficient distance between him and it to enable him to work in fastening the ends of the guy wires which he was engaged in attaching to the pole at the time of the accident. It seems to be assumed by the appellant that at or immediately before the accident the plaintiff had detached his safety belt from the pole and, when the attempt was made by the defendant's other employees to straighten the pole, which was several feet from the perpendicular, by the application of rope and tackle, some slip occurred by which the pole flew back and threw the plaintiff from the hold which he had with his spurs and he was injured by the fall to the ground.

The appellant seems to assume that, if the safety belt had been attached to the pole at the time of the "pull," as it is called, the accident would not have happened. This is probably true as to the particular form which the accident assumed, namely, the fall to the ground, but it may be doubted, in view of the character of the belt and its object, whether an accident equally serious, or more so, might not have occurred by bringing the plaintiff into quick and injurious contact with the pole, and it by no means follows that, if the fall had been averted, the contact with the pole would not have been quite as severe, or more so, than the fall.

The question, therefore, it seems to us,.was for the jury, even upon this phase of the case, but we are not satisfied that it was not also for the jury as to whether or not the plaintiff was negligent in loosing the belt at or about the time that his work was finished. It was his duty to descend, when his work was done. He unloosed the belt, as he says, because he was about through with his work. He heard the order of the foreman "Pull!" about the time that the belt was unloosed. Was it before, or at the time of, or after, the unloosing of the belt that the order was given? If afterwards, had he time to refasten his belt to the pole before the pull was made? This is not by any means clear from the testimony, and we do not see how the court could have said, as a matter of law, that the plaintiff was guilty of contributory negligence in loosing his belt. It was for the jury, and there is no fault alleged with the charge of the court in the manner of leaving the question for their consideration.

There is no assignment of any portion of the charge for error and the single question, as raised by both the assignments, was, Could the court, as matter of law, say to the jury, or say after the finding of the jury, that the plaintiff was guilty of contributory negligence? We think the case was not such as enabled the court to say this, and it was, therefore, correct in refusing the defendant's point, and also in discharging the rule for judgment, notwithstanding the verdict.

Judgment affirmed.